Mary DOE (a Pseudonym) for and on Behalf of her Minor Daughter, Plaintiff,

v.

The UNITED STATES of America, Defendant.

Civ. A. Nos. J89–0056(L), J89–0506(W).

United States District Court,
S.D. Mississippi,
Jackson Division.

Oct. 23, 1989.

Dean Holleman, Boyce Holleman, Gulfport, Miss., for plaintiff.

L.A. Smith, III, Asst. U.S. Atty., U.S. Atty., Jackson, Miss., for defendant.

ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of defendant the United States of America to dismiss pursuant to Rule 4(j) of the Federal Rules of Civil Procedure. Plaintiff has responded to the motion and the court has considered the memoranda of authorities together with attachments submitted by the parties.

Rule 4(j) provides for dismissal of an action in the event service of the summons and complaint is not made upon the defendant within 120 days after the filing of the complaint, if "the party on whose behalf such service was required cannot show good cause why such service was not made within that period." Plaintiff filed the present action on February 7, 1989 and, pursuant to Rules 4(d)(4) and 4(j) was required to serve, within 120 days, the United States by personal service upon the United States Attorney for this district and by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States. The Attorney General was properly served by certified mail within 120 days of the filing of the complaint. However, the summons for the United States Attorney was erroneously sent by certified mail rather than being personally served.

On March 11, 1989 the government filed its answer and affirmative defenses; it included as its first affirmative defense that there had been insufficient process and insufficient service of process. Approximately five months later, after proceeding through discovery and otherwise not raising an issue regarding service of process,

the government finally, on August 7, 1989, filed the present motion to dismiss citing as grounds for dismissal plaintiff's failure to properly serve process upon the United States Attorney within 120 days of her filing of the complaint.

Upon receipt of defendant's motion to dismiss, the plaintiff, recognizing the error that had been made, promptly and properly served process upon the United States Attorney. Additionally, plaintiff instituted a second action apparently in an effort to avoid the running of any applicable limitations period in the event this action were to be dismissed. Apparently, the government's position in that lawsuit is that the plaintiff did not act quickly enough to prevent the running of the limitations period, for it is represented to the court by the government that a defense that the statute of limitations on that second action has expired will be a question in that lawsuit. From a review of the present briefs and other materials on file in this cause, it appears that the government in the second lawsuit will take the position that the limitations period for plaintiff's lawsuit expired August 7, 1989. Defendant's motion to dismiss this action was filed August 10, 1989.

Though the court would not go so far as to impute to the government an improper motive in delaying pursuing the insufficiency of service of process as a ground for dismissal until five months after its answer to the complaint and three days following the date on which the government apparently contends the statute of limitations expired, it would not be unreasonable to infer that the government's delay was other than unintentional. While the plaintiff was perhaps initially without the "good cause" required by Rule 4(j), the government's conduct, including its active participation in the lawsuit without pursuit of the service of process issue until after 120 days had expired (and indeed perhaps until after the limitations had expired), was certainly misleading. Thus, the court finds dismissal inappropriate.

In addition to the motion to dismiss, the government has moved to consolidate this action with the second action filed by plaintiff, No. J89–0506(W). It appears that the only substantive difference between the two lawsuits is the date of the filing of the complaint, one clearly timely in accordance with the applicable statute of limitations and the other perhaps untimely. Because the court is of the opinion that the present action, that first filed, should not be dismissed, the two lawsuits certainly need not pend separately.

Accordingly, it is ordered that defendant's motion to dismiss is denied and its motion to consolidate granted.

ORDERED.